## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JOHN NEIGHBORS, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **No: 2:21-cv-882** |
| **-against-** | |
| **TRUE PERFORMANCE DIRECTIONAL DRILLING, LLC and TP US HOLDINGS, INC.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **Defendants.** | |

## SUMMARY

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – day-rate Directional Drillers and MWD Engineers (collectively "Directional Drillers") who did not receive proper overtime compensation and who have worked for True Performance Directional Drilling, LLC and TP US Holdings, Inc. (collectively "TPD" or "Defendants") in the United States.

2.      According to its website, TPD provides directional drilling services throughout the United States.[1]  Defendants' U.S. office is located at 5075 E 52ND St., Odessa, Texas 79762.

3.      In order to offer its directional drilling services, TPD employs hundreds of non-exempt oilfield workers.

4.      Plaintiff and similarly situated Directional Drillers work on the oil well sites and typically work at least 12-hour shifts, 7 days a week, for weeks at a time, all while in some of the harshest working conditions.

---

[1] True Directional Canadian Operations, *About True Directional*, available at https://truedirectional.com/about/ (last visited August 3, 2021).

5.      Although non-exempt workers work well over forty hours per workweek, TPD does not properly pay overtime premiums for all hours worked over forty in a workweek.

6.      In this regard, TPD pays Directional Drillers on a day rate basis.

7.      In order to avoid paying Directional Drillers overtime for hours worked in excess of 40 per workweek, Defendants uniformly misclassified them as exempt from the overtime provisions of the Fair Labor Standards Act § 201 *et seq.* ("FLSA"), New Mexico Minimum Wage Act, NMSA 50-4-19, *et seq.*, ("NMMWA") and corresponding state wage and hour laws.

8.      Despite this classification, Plaintiff and similarly situated Directional Drillers have non-exempt primary duties.

9.      In this regard, Directional Drillers have non-exempt primary duties that involve operating machinery that assist in drilling wells at multiple angles rather than just vertically. Moreover, Directional Drillers cannot hire or fire employees, nor are they involved in the interview process.

10.     As such, Directional Drillers are non-exempt employees under the FLSA and NMMWA.

11.     Directional Drillers are not required to hold higher education degrees to perform their job duties.

12.     Directional Drillers do not hire or fire employees, nor do they supervise other employees.

13.     TPD at all times relevant has had direct control over Directional Drillers' day-to-day activities. For instance, TPD controls the work schedules of Directional Drillers, controls the job assignments of Directional Drillers, and provides the equipment necessary to perform the inspections on the oil & gas and manufacturing equipment. Directional Drillers are wholly economically dependent upon TDP.

14.     Directional Drillers do not incur operating expenses like rent, payroll, marketing, and insurance.

15.     TPD could and did transfer Directional Drillers between job sites.

16.     No real investment was required of Directional Drillers to perform their job duties. In this regard, TPD provides the testing equipment used by Directional Drillers to perform their job duties.

17.     The services rendered by Directional Drillers are an integral part of TPD's business of providing directional drilling services to oil & gas and manufacturing clients.

18.     Despite having substantial custody and control over Directional Drillers and being their employer, TPD misclassified them as independent contractors to avoid paying overtime compensation.

19.     Plaintiff brings this action on behalf of himself and similarly situated current and former Directional Drillers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by TPD that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

20.     Plaintiff also brings his unpaid overtime wages claim under the NMMWA as a Fed. R. Civ. P. 23 class action.

## JURISDICTION AND VENUE

21.     This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

22.     The proposed collective action includes a total number of plaintiffs in excess of 100.

23.     Venue is proper in the District of New Mexico, because Defendants perform business in this District and Plaintiff performed work in this District.

3

## PARTIES

**John Neighbors**

24.     John Neighbors ("Neighbors") is an adult individual who is currently resident of the State of New Mexico.

25.     Neighbors was employed by TPD as a Directional Driller from approximately April 2019 through April 2020.

26.     At all relevant times, Neighbors was an "employee" of TPD as defined by the FLSA and NMMWA.

27.     At all relevant times, TPD was Neighbors' "employer" as defined in the FLSA and NMMWA.

28.     A written consent form for Neighbors is being filed with this Class and Collective Action Complaint.

## DEFENDANTS

29.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

30.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

31.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

32.     During all relevant times, Defendants' operations are interrelated and unified.

33.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NMMWA.

**True Performance Directional Drilling, LLC**

34.     Together with the other Defendants, True Performance Directional Drilling, LLC ("True Performance") has co-owned and/or co-operated all TPD corporations and work sites throughout the United States during the relevant time period.

35.     True Performance is a foreign business corporation organized and existing under the laws of Texas.

36.     True Performance maintains an office in Odessa, Texas.

37.     True Performance is a wholly owned subsidiary of TP US Holdings, Inc.[2]

38.     At all relevant times, True Performance has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

39.     During his employment, Plaintiff received paystubs that list True Performance as the corporate payor.

40.     True Performance has applied the same employment policies, practices, and procedures to all Directional Drillers at their worksites throughout the United States.

41.     At all times relevant, True Performance has had an annual gross volume of sales in excess of $500,000.00.

**TP US Holdings, Inc.**

42.     Together with the other Defendants, TP US Holdings, Inc. has co-owned and/or co-operated all TPD corporations and work sites throughout the United States during the relevant time period.

---

[2] *B&T Rentals, Inc. v. True Performance Directional Drilling, LLC et al.*, No. 20-cv-00863, Dkt. No. 15 (Sept. 30, 2020, W.D. Louisiana).

43.     TP US Holdings, Inc. is a foreign business corporation organized and existing under the laws of Texas.

44.     TP US Holdings, Inc. maintains an office located at 700 Lavaca St., Ste. 1401, Austin, Texas 78731.

45.     At all relevant times, TP US Holdings, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

46.     TP US Holdings, Inc. applies the same employment policies, practices, and procedures to all Directional Drillers at their worksites throughout the United States.

47.     At all times relevant, TP US Holdings, Inc. has had an annual gross volume of sales in excess of $500,000.00.

## FACTS

48.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**John Neighbors**

49.     Neighbors was employed by TPD as a Directional Driller from approximately April 2019 through April 2020 in New Mexico.

50.     During the course of his employment, Neighbors regularly worked over 40 hours per week. In this regard, Neighbors was assigned to job shifts at least 12 hours in length for 14 days at a time.

51.     Despite regularly working over 40 hours per workweek, Defendants paid Neighbors with a set day rate, regardless of the number of hours worked. Neighbors did not receive any guaranteed salary and was paid solely for the shifts he worked.

52.     Neighbors' primary duties as a Directional Driller are related to the operating and monitoring of drilling equipment.

53.     In this regard, his primary duties as a Directional Driller were manual in nature, were the type of work TPD performs for its customers, and consisted of traveling to and from well sites, operating drilling equipment and completing routine client/company checklists. Neighbors' primary duties were the primary time of work TPD performs for its customers.

54.     Neighbors was required to perform his job in strict compliance with Defendants' company policies.

55.     Neighbors, as with the other non-exempt workers at a job site, was required to wear personal protective equipment ("PPE"), as his job is dangerous and constantly exposed him to various hazards, such as chemicals, sharp objects, and volatile working conditions. In addition, Neighbors, as with other non-exempt workers, is required to work throughout all weather conditions.

56.     Neighbors did not have the authority to hire or fire employees.

57.     Neighbors did not have authority to interview applicants.

58.     Although Defendants classified Neighbors as an independent contractor for some of his employment, Defendants exercised custody and control over all material aspects of his employment and the performance of his job. For instance, TPD controlled Neighbors' work schedules, and job assignments. Neighbors was wholly economically dependent upon TPD and was not in business for himself.

59.     Neighbors did not incur operating expenses like rent, payroll, marketing, and insurance.

60.     TPD could and did transfer Neighbors between job sites.

61.     No real investment was required of Neighbors to perform his job duties.

62.     The services rendered by Neighbors was an integral part of TPD's business of providing directional drilling services to oil & gas and manufacturing clients.

63.     As such, Neighbors' primary job duties are non-exempt duties under the FLSA and NMMWA.

64.     Upon information and belief, Defendants did not keep accurate records of hours worked by Neighbors and similarly situated employees.

## COLLECTIVE/CLASS ALLEGATIONS

65.     Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for TPD as Directional Drillers, MWD Engineers and other similar titles nationwide who elect to opt-in to this action (the "FLSA Collective").

66.     Plaintiff brings the Second Cause of Action, an overtime claim under NMMWA on behalf of himself and all similarly situated persons who have worked as Directional Drillers, MWD Engineers and other similar titles for TPD in New Mexico (the "New Mexico Class") (together, with the FLSA Collective "Class Members").

67.     Defendants are liable under the FLSA and NMMWA for, *inters alia*, failing to properly compensate Plaintiff and Class Members.

68.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the Class Members were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

69.     All of the work that Plaintiff and the Class Members have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

70.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NMMWA and with

respect to Plaintiff and the Class Members. This policy and pattern or practice includes, but is not limited to:

    a.   willfully failing to pay its employees, including Plaintiff and Class Members, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

    b.   willfully failing to record all of the time that their employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants.

71.    Defendants' unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying employees.

72.    Defendants are aware or should have been aware that federal and state law required them to pay Plaintiff and the Class Members overtime premiums for all hours worked in excess of 40 per workweek.

73.    Plaintiff and the Class Members perform or performed the same primary duties.

74.    There are many similarly situated current and former Directional Drillers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

75.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

76.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

78.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

79.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

80.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New Mexico Minimum Wage Act – Overtime Wages
### (Brought on behalf of Plaintiff and the New Mexico Class)

81.     Plaintiff realleges and incorporated by reference all allegations in all preceding paragraphs.

82.     The overtime wage provisions set forth in the NMMWA, NMSA 50-4-19, *et seq.*, 50-4-22 *et seq.* and the supporting regulations, apply to Defendants and protect Plaintiff and the members of the New Mexico Class.

83.     During this time, Plaintiff and the New Mexico Class regularly worked in excess of 40 hours per week.

84.     Defendants failed to pay Plaintiff and the New Mexico Class the premium overtime

wages to which they were entitled under the NMMWA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

85.     Defendants failed to pay Plaintiff and the New Mexico Class for all hours worked over 40 in a workweek.

86.     Plaintiff and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from Defendants.

87.     Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the NMMWA.

88.     The improper pay practices at issue were part of a continuing course of conduct, entitling Plaintiff and each Putative Class Member to recover for all such violations, regardless of the date they occurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of the FLSA Collective and New Mexico Class, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Directional Drillers and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at TPD nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as a representative of the New Mexico Class and counsel of record as Class Counsel;

E.      Unpaid overtime wages and applicable penalties as permitted by law pursuant to NMMWA;

F.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

G.      Reasonable attorneys' fees and costs of the action; and

H.      Such other relief as this Court shall deem just and proper.

Dated: Houston, Texas
      September 8, 2021

Respectfully submitted,

**/s/ Rex Burch**

_____
Richard (Rex) Burch

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, _pro hac vice forthcoming_
Frank J. Mazzaferro, _pro hac vice forthcoming_
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

_Attorneys for the Plaintiff and Putative Collective and Classes_

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit True Directional and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.



John Neighbors (Jul 24, 2020 13:14 MDT)

Signature

# John Neighbors

Full Legal Name (Print)